UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN A. SIMMONS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 4:04CV00299JCH |
| ) | |
| THE UNITED STATES OF AMERICA, et. al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Separate Motion of Defendant United States to Dismiss and for Summary Judgment (Doc. 35) and Defendant Quinlisk's Motion for Summary Judgment (Doc. 50). These matters are fully briefed and ready for disposition.

**I. BACKGROUND**

Plaintiff John A. Simmons ("Plaintiff") filed suit against the United States pursuant to the Federal Tort Claims Act. (Plaintiff's First Amended Complaint ("Complaint") (Doc. 26), ¶1). His claim for damages arises out a four-car automobile collision that occurred on December 11, 2001, at the intersection of Chestnut Street and Memorial Drive in St. Louis, Missouri. (Defendant Quinlisk's Statement of Undisputed Facts ("Quinlisk's Facts") (Doc. 52). Plaintiff, Michael Quinlisk ("Quinlisk"), George Everding ("Everding"), and Darin McDugle ("McDugle") operated the four automobiles involved in the accident. (Quinlisk's Facts, ¶¶2-5). McDugle was acting as an agent of the United States Army at the time of the accident. (Id. at 5).

At the time of the accident, Plaintiff, Quinlisk and Everding were traveling southbound on

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Memorial Drive. (Quinlisk's Facts, ¶¶2-4). Plaintiff was in the far lefthand (eastern-most) lane, Quinlisk was in the far right-hand (western-most) lane and Everding was in the middle lane. (Id.). McDugle was traveling eastward on Chestnut Street toward the intersection of Memorial Drive. (Quinlisk's Facts, ¶5). (United States' Statement of Uncontraverted Material Facts ("United States' Facts") (Doc. 37), ¶5).

As Defendant McDugle traveled eastbound on Chestnut Street, approaching the intersection with Memorial Drive, he observed the light as yellow, applied his brakes, and slid into the intersection. (Quinlisk's Facts, ¶6). McDugle testified that the light was red by the time he slid into the intersection. (Quinlisk's Facts, ¶15). Quinlisk and Plaintiff both testified that they had a green traffic signal as they approached the intersection of Chestnut on Memorial Drive. (Quinlisk's Facts, ¶¶12-13).

As Quinlisk approached Chestnut Street, he collided with McDugle. (Quinlisk's Facts, ¶8), (United States' Facts, ¶9). After the impact between Quinlisk and McDugle, Quinlisk's vehicle made contact with Everding's vehicle to his left. (Quinlisk's Facts, ¶11). Everding's vehicle moved eastward into the left southbound land of Memorial Drive, where Plaintiff hit Everding's vehicle. (Quinlisk's Facts, ¶16). There is some debate as to whether Everding's car slid or was pushed eastward. (United States' Facts, ¶18); (Quinlisk's Facts, ¶16). McDugle admitted that he considered himself at fault in causing the collision. (Quinlisk's Facts, ¶7). There are factual debates between the four parties including whether it was raining at the time of the accident and how fast McDugle was driving immediately prior to the accident.

Plaintiff filed suit in this Court on March 11, 2004 against The United States of America, Department of the Army, McDugle, Everding and Quinlisk alleging negligence on the part of the Defendants in causing the collision. (Complaint). Quinlisk filed a cross-claim against the other

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendants on April 15, 2004 (Doc. 7). The United States filed a cross-claim against Everding and Quinlisk on April 30, 2004 (Doc. 13). The Department of the Army was dismissed by the Court and the United States was substituted for McDugle as a party on August 5, 2004. The First Amended Complaint was filed with the Court on October 29, 2004 (Doc. 26).

On January 3, 2005, the United States filed a Separate Motion to Dismiss and for Summary Judgment (Doc. 35). Defendant Quinlisk filed his own Motion for Summary Judgment on April 4, 2005 (Doc. 50).

I. MOTION TO DISMISS

Although the United States styled its motion as a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), it has made no arguments in favor of these positions in its briefs to the Court. Regardless, the Court finds that the United States is not entitled to a dismissal under either 12(b)(1) or 12(b)(6).

Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), 1404(b), 2401(b), and 2671-2680. (Complaint, ¶1). In his Complaint, Plaintiff states that this Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1346(b). (Id.). 28 U.S.C. §1346(b)(1) states as follows:

> Subject to the provisions of Chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment . . . "

The Attorney General of the United States, by and through his legally authorized agent, the United States Attorney for the Eastern District of Missouri, has certified that McDugle was an

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

agent, servant, or employee of the United States of America acting within the course and scope of his employment at the time of the accident. (Petition to Substitute the United States of America for Defendants Department of the Army and Darin McDugle (Doc. 3), Ex. 1 "Certification", ¶1). Plaintiff alleges that McDugle was negligent and that his negligence caused the accident which occurred on December 11, 2001. (Complaint, ¶10). Plaintiff claims that he sustained injuries and suffered property damage and he asks this Court to enter a money judgment in his favor. (Id. at ¶12). Therefore, Plaintiff has established that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1346(b)(1).

Additionally, all the arguments in United States' briefs to the Court ask the Court to consider matters outside the pleadings. Rule 12© of the Federal Rules of Civil Procedure states that "on a motion for judgment on pleadings, matters outside the pleadings are presented to and excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Therefore, the Court will consider Defendant United States' motion to dismiss pursuant to Rule 12(b)(6) with its motion for summary judgment discussed below.

II. MOTION FOR SUMMARY JUDGMENT

    A. <u>Legal Standard</u>.

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The substantive law determines which facts are crucial and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. <u>Anderson v.</u>

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

    B.   Motions of the United States and Quinlisk.

Both the United States and Quinlisk have requested that the Court enter summary judgment in their favor. The United States contends that the evidence establishes that McDugle skidded into the intersection and that there is no evidence that he was negligent. Quinlisk argues that he is entitled to summary judgment because Plaintiff has not produced evidence that Quinlisk (1) was inattentive, failed to keep a careful lookout, or failed to exercise the highest degree of care in operation of the vehicle, (2) failed to act after the danger of collision with Plaintiff was apparent or otherwise failed to swerve to avoid the collision with Plaintiff, or (3) ran a red electric signal.

Under the Federal Tort Claims Act, a court can find the United States liable in tort in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omissions occurred." 28 U.S.C. § 2672. The automobile accident referred to in Plaintiff's Amended Complaint occurred in the City of St. Louis. Therefore, this Court must apply the substantive law of Missouri.

Under Missouri law, the general elements of a negligence action are 1) a legal duty on the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

defendant to protect the plaintiff from injury, 2) breach of the duty, 3) proximate cause, and 4) injury to the plaintiff. Pendergist v. Pendergrass, 961 S.W.2d 919, 923 (Mo. Ct. App. 1998); Rill v. Trautman, 950 F.Supp.268, 271 (E.D. Mo. 1996). The existence of a duty is a question of law for the trial court. Gunnett v. Girardier Building and Realty Co., 70 S.W.3d 632, 639 (Mo. Ct. App. 2002). The breach of a duty is a question of fact, which is ordinarily an issue for the jury to decide. Hollis v. Blevins, 927 S.W.2d 558, 564 (Mo.App.1996).

Pursuant to §304.010 R.S. Mo., a person operating a motor vehicle on the highways in the state of Missouri is under a duty to exercise a duty to exercise the highest degree of care in the operation of that motor vehicle. Davis v. F.M. Stamper Company, 148 S.W.2d 765, 769 (Mo. 1941); Bram v. Hoffmeister, 366 S.W.2d 406, 408 (Mo. 1963). When considering the facts in the light most favorable to Plaintiff, this Court finds that a jury could reasonably infer that McDugle breached his duty to exercise a high degree of car by driving at an excessive speed. See Wolf v. Harris, 414 S.W.2d 204, 210 (Mo. 2004) ("Excessive speed is a relative matter, and whether speed is excessive ordinarily depends upon the conditions of the highway and surrounding circumstances.").

At the time of the accident, the road conditions were wet. (Plaintiff's Memorandum in Opposition to Defendant Quinlisk's Motion for Summary Judgment ("Plaintiff's Memo in Opp. to Quinlisk S.J.") (Doc. 57), Exhibits 5 & 6). McDugle testified that at the time of the accident it was raining, with some sleet mixed with the rain. (Plaintiff's Memo in Opp. to Quinlisk S.J., Exhibit 1, p. 9). McDugle testified that based on the road conditions, a prudent driver should have adjusted his speed to make sure that he did not slide. (Plaintiff's Statement of Material Facts as to which a Genuine Issue Exists and Response to Defendant United States of America's Statement of Uncontroverted Material Facts ("Plaintiff's Resp. to U.S. Facts")(Doc. 42), Ex. 3C,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

McDugle Deposition, pg. 46, lines 6-12). McDugle testified that he reduced his speed to approximately 15 miles per hour when driving eastward on Chestnut Street toward Memorial Drive. (Plaintiff's Resp. to U.S. Facts, Ex. 3B, McDugle Deposition, pg. 29, lines 1-12). However, Defendant Quinlisk estimated McDugle's speed to be between thirty and thirty-five miles per hour just before the accident. (Plaintiff's Resp. to U.S. Facts, Ex. 2, Quinlisk Deposition, pg. 10, lines 20-21). McDugle had never driven the Government vehicle in the rain before that day. (Plaintiff's Resp. to U.S. Facts, Ex. 3A, McDugle Deposition, pg. 10, line 17). A jury could reasonably infer from these facts that McDugle was operating the Government vehicle at an excessive speed under the circumstances. Therefore, this Court concludes that summary judgment in favor of the United States is inappropriate.[1]

Similarly, viewing the evidence in the light most favorable to Plaintiff, the Court must conclude that genuine issues of material fact exist precluding summary judgment on the issue of Quinlisk's negligence. As already discussed above, the road conditions were wet at the time of the accident. The Court cannot say as a matter of law that Quinlisk exercised the highest degree of care given the conditions at the time of the accident. Additionally, under Missouri law, a driver has a duty to swerve to avoid an accident if he knows or should have known an accident was likely to occurs. Hollis v. Blevins, 927 S.W.2d 558, 564 (Mo.App. S.D. 1996). He breaches this duty if he had the time, distance, means, and ability to avoid the collision by swerving and he

---

[1] Plaintiff and Quinlisk both object to the United States' Exhibits D and E and deposition summaries attached to Addendum to Memorandum in Support of Motion to Dismiss and Summary Judgment (Doc. 36) on the basis that they are inadmissible hearsay and no foundation exists for their admissibility. (Defendant Quinlisk's Statement of Material Facts as to which a Genuine Issue Exists and Response to Defendant United States of America's Statement of Uncontroverted Material Facts (Doc. 44); Plaintiff's Resp. to U.S. Facts). The Court found that the materials summarized by the United States in its exhibits D and E have been submitted in their original form by other parties and has relied on the original documents rather than the summaries in the determining that genuine issues of material fact exist so as to preclude summary judgment.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

failed to do so. Id. Quinlisk testified that he saw McDugle's car prior to the collision. There are factual disputes as to how fast McDugle was driving as he entered the intersection through the time of the accident. Compare Plaintiff's Resp. to U.S. Facts, Ex. 2, Quinlisk Deposition, p.10 (Quinlisk estimates McDugle's speed at 30-35 miles per hour) with Plaintiff's Resp. to U.S. Facts, Ex. 3A-3C, McDugle Deposition (McDugle estimates his speed at between 25-5 miles per hour during the time period relevant to the accident). Viewing the evidence in the light most favorable to the Plaintiff, the Court cannot say as a matter of law that no factual issues exist as to whether Quinlisk knew or should have known that a collision was about to take place or that he did not have the time, distance, means, and ability to avoid the collision. Therefore, the Court must deny Quinlisk's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Separate Motion of Defendant United States' to Dismiss and for Summary Judgment (Doc. 35) is DENIED.

**IT IS HEREBY FURTHER ORDERED** that Defendant Quinlisk's Motion for Summary Judgment (Doc. 50) is DENIED.

Dated this 6th Day of July, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com